**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 23, 2016

LETTER TO COUNSEL

      RE:    *Raquel Puryear v. Commissioner, Social Security Administration*;
             Civil No. SAG-15-3386

Dear Counsel:

    On November 5, 2015, Plaintiff Raquel Puryear petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    Ms. Puryear filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 5, 2010, and August 17, 2010, respectively. (Tr. 334-46). In both claims, she alleged a disability onset date of February 15, 2009. (Tr. 334, 338). Her claims were denied initially and on reconsideration. (Tr. 200-05, 209-22). A hearing was held on August 14, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 54-99). Following the hearing, the ALJ determined that Ms. Puryear was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 176-94). The Appeals Council ("AC") reviewed and remanded the ALJ's decision, citing several deficiencies. (Tr. 195-99). On remand, the ALJ held a hearing on June 11, 2014, addressing the deficiencies cited by the AC.[1] (Tr. 100-31). After the hearing, the ALJ issued an opinion dated August 28, 2014, again finding that Ms. Puryear was not disabled within the meaning of the Social Security Act during the relevant period. (Tr. 33-53). The AC denied Ms. Puryear's request for review of that decision,

---

[1] Specifically, the AC noted that the hypothetical questions posed to the vocational expert did not include any mental limitations. Further, the AC instructed the ALJ to: 1) "give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations;" (2) "[g]ive further consideration to the claimant's past relevant work in accordance with Social Security Ruling 82-62p and 20 CFR 404.1560, 1571-1575 and 416.960, 971-975;" and 3) "[o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14)." (Tr. 36).

*Raquel Puryear v. Commissioner, Social Security Administration*
Civil No. SAG-15-3386
August 23, 2016
Page 2

(Tr. 1-7), so the ALJ's August, 2014 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Puryear suffered from the severe impairments of asthma, obesity, anxiety disorder, and polysubstance abuse in remission. (Tr. 38). Despite these impairments, the ALJ determined that Ms. Puryear retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently climb ramps or stairs (never ladders, ropes or scaffolds), balance, stoop, kneel, crouch and crawl; must avoid even moderate exposure to extreme temperatures, respiratory irritants and workplace hazards. In addition, the claimant can carry out simple to moderately complex tasks in 2-hour increments (which can be accommodated by regularly scheduled breaks); and adapt to simple changes in a routine work setting.

(Tr. 41). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Puryear could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 44-45).

Ms. Puryear raises five primary arguments on appeal: 1) the ALJ failed to properly evaluate Ms. Puryear's "serious obesity;" 2) the ALJ improperly discards allegations of serious limitations based on noncompliance with treatment; 3) the ALJ improperly discarded the opinion of Ms. Puryear's treating physician; 4) the ALJ's RFC is not supported by substantial evidence; and 5) neither the ALJ nor the AC reviewed Ms. Puryear's school records. Each argument is addressed below. In addition to Ms. Puryear's arguments, I have also reviewed the ALJ's decision pursuant to the Fourth Circuit's ruling in *Mascio v. Colvin*, 732 F.3d 632 (4th Cir. 2015), and find that remand is warranted under *Mascio*.

I will first address the Mascio issue. In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 732 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consists of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation.

*Raquel Puryear v. Commissioner, Social Security Administration*
Civil No. SAG-15-3386
August 23, 2016
Page 3

The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1620a(c)(2), 416.920a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1620a(c)(4), 416.920a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.,* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found that Ms. Puryear had a moderate limitation in concentration, persistence, or pace. (Tr. 40). In support of this finding, the ALJ noted Ms. Puryear's reports that she was "pretty good 'at doing crossword puzzles,'" and was able to use a computer, follow written instructions, pay bills, count change, handle a savings account, and use a checkbook. *Id.* Further, the ALJ found that Ms. Puryear "only alleged problems with completing tasks and did not allege problems with understanding, memory, concentration or following instructions." *Id.* In the RFC analysis, the ALJ also noted that Ms. Puryear had discussed "her saving and investment strategies" for the "large sum of money" that she inherited from her mother in 2013. (Tr. 42).

*Raquel Puryear v. Commissioner, Social Security Administration*
Civil No. SAG-15-3386
August 23, 2016
Page 4

Ultimately, the ALJ's analysis is simply insufficient to permit adequate review. Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Puryear to have moderate difficulties in concentration, persistence, or pace, instead of mild, or no difficulties, and how those difficulties restrict her RFC to "simple to moderately complex tasks in 2-hour increments (which can be accommodated by regularly scheduled breaks); and adapt to simple change in a routine work setting," without further limitation.[2] While the ALJ found that Ms. Puryear "only alleged problems with completing tasks and did not allege problems with understanding, memory, concentration or following instructions," (Tr. 40), her alleged inability to complete tasks nevertheless indicates some limitation in persistence and pace, which the restrictions in the RFC do not address. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should explain why Ms. Puryear has moderate difficulties in concentration, persistence, and pace, and why those difficulties restrict her only to "simple to moderately complex tasks in 2-hour increments" without further limitation.

Turning to Ms. Puryear's arguments, I agree that the ALJ's opinion is deficient in several ways. First, I agree that the ALJ failed to assess the effects of Ms. Puryear's obesity. Social Security Ruling ("SSR") 02-1p notes that:

> Obesity can cause limitation of function. The functions likely to be limited depend on many factors, including where the excess weight is carried. An individual may have limitations in any of the exertional functions . . . . It may also affect ability to do postural functions . . . . As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations.

In the instant case, the ALJ found that Ms. Puryear's obesity was a severe impairment. Nevertheless, the ALJ neglected to include any analysis of whether obesity caused or contributed to Ms. Puryear's functional limitations. Notably, the ALJ does not mention Ms. Puryear's obesity a single time in her RFC analysis. While some of Ms. Puryear's functional and postural limitations may be attributable to obesity, without further analysis, I am unable to discern whether the ALJ properly considered any of its effects. Accordingly, on remand, the ALJ should include further discussion of Ms. Puryear's obesity, and "explain how [she] reached [her] conclusions on whether obesity caused any physical or mental limitations." SSR 02-1p. In so holding, I make no finding as to whether or not the ALJ's ultimate finding that Ms. Puryear was not disabled was correct or incorrect.

---

[2] I note that limiting Ms. Puryear to work in two-hour increments does not adequately address a moderate limitation in concentration, persistence, or pace. *See* SSR 96-9p (noting that a normal workday includes a morning break, a lunch period, and an afternoon break at approximately two-hour intervals, and that the occupational base is not eroded where limitations may be accommodated by these regularly scheduled breaks). Thus, the restriction to working for two-hour intervals does not adequately account for a moderate limitation in the ability to stay on task, absent further explanation.

*Raquel Puryear v. Commissioner, Social Security Administration*
Civil No. SAG-15-3386
August 23, 2016
Page 5

     Likewise, I agree that the ALJ improperly cited Ms. Puryear's noncompliance with prescribed treatment in assessing her credibility without considering the reasons for her noncompliance. In her RFC assessment, the ALJ noted that, "the majority of the claimant's hospitalizations for asthma, as discussed above, involved either an exacerbation caused by non-compliance, or utilizing the emergency room like a pharmacy, simply to get medications she was running out of." (Tr. 43). While there is evidence that Ms. Puryear went to the emergency room for complaints of asthma, and acknowledged that she had not taken her medication, Ms. Puryear testified that her insurance did not cover one of her asthma medications. *See* (Tr. 64-65) ("I have a medicine, it's called Singulair . . . But the insurance company won't pay for it so I have to use the machine more . . . I think it's $100.00 and something."). The ALJ did not acknowledge any financial limitations Ms. Puryear may have had in maintaining a current prescription of her asthma medication. Notably, inability to pay for prescribed treatment is listed as a justifiable cause for failing to follow prescribed treatment in the Agency's guidance documents. SSR 82-59. Furthermore, SSR 82-59 directs that, "The claimant or beneficiary should be given an opportunity to fully express the specific reason(s) for not following the prescribed treatment. Detailed questioning may be needed to identify and clarify the essential factors of refusal." Thus, on remand, the ALJ should consider whether Ms. Puryear's reasons for failing to follow her prescribed asthma treatment were justifiable and should seek additional details from Ms. Puryear regarding her financial resources, if necessary.

     Regarding the opinion of Ms. Puryear's treating physician, Dr. Parikh, SSA regulations provide that when a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If a treating source's medical opinion is not assigned controlling weight, the ALJ should consider: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ provided a cursory review of Dr. Parikh's opinion finding that it was "not supported by the record evidence as a whole as discussed herein." (Tr. 43). The only factor the ALJ explicitly considered in assigning Dr. Parikh's opinion "[l]ittle weight" was the consistency of his opinion with the record as a whole. While this deficiency may not warrant remand on its own, since the case is being remanded on other grounds, the ALJ should consider the other factors as outlined in 20 C.F.R. §§ 404.1527(c) and 416.927(c) in weighing Dr. Parikh's opinion.

     Likewise, I agree that the ALJ's RFC analysis as a whole was largely cursory, and included several references to the "record evidence as a whole as discussed herein," while providing little additional detail for her findings. The Fourth Circuit has noted that "'[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirement to the record evidence.'" *Monroe v. Colvin*, No. 15-1098, 2016 WL 3349355, at *29 (4th Cir. June 16, 2016) (quoting *Radford v.*

*Colvin*, 734 F. 3d 288, 295 (4th Cir. 2013)). Thus, on remand, the ALJ should provide the requisite discussion connecting the evidence of record to the findings in the RFC analysis.

Finally, Ms. Puryear argues that the ALJ and the AC both failed to review her school records. Specifically, Ms. Puryear asserts that she submitted school records in support of her argument that she met or equaled Listing 12.05C to the ALJ after her remand hearing, but before the ALJ issued her opinion. Pl. Mem. at 19. Thus, she argues that the ALJ improperly failed to consider the evidence. *Id.* However, she acknowledges that she also submitted the evidence to the AC during its review, and that the AC included the school records in the record of evidence. *Id.* The AC must review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). Evidence is "new" if "it is not duplicative or cumulative." *Id.* at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* Social Security regulations, however, "[do] not require the [AC] to do anything more than what it did in this case, *i.e.*, consider new and material evidence . . . in deciding whether to grant review." *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (internal quotation marks omitted). The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.* Thus, the AC properly reviewed Ms. Puryear's school records in declining to grant review, and any error by the ALJ was harmless since the evidence was otherwise reviewed by the AC. However, since the case is being remanded on other grounds, the ALJ should consider the effect of Ms. Puryear's school records in her findings regarding Ms. Puryear's mental impairments and limitations.

For the reasons set forth herein, Ms. Puryear's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge